| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
§
*versus* § CASE NO. 1:19-CR-97
§
JOSHUA BRIAN BROUSSARD §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Joshua Brian Broussard's ("Broussard") *pro se* Motion for Early Termination of Supervised Release (#39). United States Probation and Pretrial Services ("Probation") submitted a report and recommends that the court deny Broussard's motion. The Government is also opposed to the motion. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Broussard's motion should be denied.

I.   Background

On June 5, 2019, a federal grand jury for the Eastern District of Texas returned a one-count Indictment charging Broussard with Possession of a Firearm by a Prohibited Person (convicted felon), in violation of 18 U.S.C. § 922(g). Pursuant to a non-binding plea agreement, Broussard pleaded guilty to the one-count Indictment before United States Magistrate Judge Zack Hawthorn on September 9, 2019, and this court accepted Broussard's guilty plea on September 26, 2019. On May 6, 2020, this court sentenced Broussard to 30 months' imprisonment, followed by a three-year term of supervised release. Broussard completed his term of imprisonment and began serving his term of supervised release on July 23, 2021.

II.   Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275 (2019). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB),

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1));

3

*United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can

4

justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Broussard's post-release conduct does not warrant early termination of his supervised release. In his motion, Broussard, the father of eight children, states that he wants "to be able to see [his] kids enjoy their life, support them and show them [he] can be there physically," while suggesting that he is somehow restricted from doing so. He also mentions that he wants to "prove to his wife" that he can "show her the world." Additionally, Broussard states that he "would like to be off probation so [he] can prove to [the court] and [his] community that [he] can and will be a rightful citizen." Probation questions what he means about being "restricted" and reports that "there is no reason [Broussard] should not be able to accomplish his family goals and see[ ] his children during the supervision period." Hence, Broussard has failed to present a legitimate reason, much less any new or exceptional circumstances or needs, that would warrant the early termination of his supervised release.

Broussard's offense of conviction stems from his knowing possession of a firearm while having been previously convicted of a felony. On April 6, 2019, a law enforcement officer stopped Broussard for driving a 2020 Cadillac with an expired buyer's tag in Port Arthur, Texas. Broussard told the officer that he was also driving with an expired driver's license. The officer noticed the scent of marijuana emanating from the vehicle and asked Broussard to step out of the Cadillac. Broussard complied, but shortly thereafter, he attempted to flee the scene. After a short

foot chase, he was apprehended. The officer searched Broussard's vehicle and found five small bags of synthetic marijuana, 52 Ecstasy pills, a digital scale, a larger bag of marijuana, a baby bottle containing red codeine, and a rifle that had been reported stolen. Broussard admitted at the scene that he knew that he was prohibited from possessing the firearm due to his prior felony conviction.

Broussard's criminal history includes two prior convictions for possession of marijuana. Significantly, he experienced difficulties complying with previous terms of probation, which resulted in their extension, revocation, and unsuccessful discharge. Additionally, Broussard has a long history of poly-substance abuse, including the frequent use of marijuana, codeine, and MDMA up to the date of his arrest. Of greatest concern, Probation reports that Broussard has failed to comply with the conditions of his current term of supervised release, has not reported as directed, and his present whereabouts are unknown. Given the nature of his offense of conviction, his criminal history, his failure to comply with previous terms of probation, his history of poly-substance abuse, and his failure to abide by the conditions of his current term of supervised release, early termination would not be in the interest of justice. Accordingly, Broussard's motion for early termination of supervised release provides no basis for relief.

III.   Conclusion

In his motion, Broussard states, "I recognize actions speak louder then words, I promise my actions will prove it!" The court concurs. In this situation, Broussard's actions speak volumes, foreclosing any notion that his supervised release should be terminated at the time. Therefore, Broussard's *pro se* Motion for Early Termination of Supervised Release (#39) is DENIED.

SIGNED at Beaumont, Texas, this 13th day of March, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE